Good morning, Your Honors. Moises Avales on behalf of Appellants. Yes, Your Honor, I would just like you to view this case in light that this is a civil rights action. To look at the abuse of discretion alleged in that context, civil rights actions are generally disfavored actions. There's a very high burden to prove discrimination intent, and the lack of allowing discovery to proceed hampers the ability to prove that intent that is most of the time hidden. How did the court hamper the ability to proceed with discovery? The court did not allow time for discovery. There was no FRCP 26 meeting of counsel. There was no scheduling order. There was no time for discovery. At the motion to dismiss hearing, which the court denied the motion, the court ordered the defendants to file a summary judgment motion in 10 days. But the discovery, the meet and confer, that's up to the parties to do that. The court doesn't have to tell the parties when to do the conference between parties. Why would the court, why would that be charged to the court if the parties did not meet and confer? I agree. I mean, but in the context of civil rights action, if the court tells the defendants to file a summary judgment motion in 10 days, and we're in the process of investigating the facts to substantiate the allegations of the complaint and to possibly gather more facts to oppose the motion. Possibly, that's the problem. You're speculating. You've got to tell us what it is you were looking for, what you might have found. And there's no prejudice shown in any respect, in this record, for any denial of right to conduct more discovery. Well, there is prejudice, Your Honor. I think in the affidavit on the FRCP 56-F that I submitted to the court, I alluded to the court that there was a material witness that was out of the country and that we needed to get his declaration as to negotiation that he had with one of the defendants that could shed light on the discrimination. You didn't indicate at all that would be helpful. I believe that in the affidavit I said there was material evidence that needed to be submitted to the court, and that's what we were requiring. That's really vague. You have to have more than that. That's tat about to saying we want to conduct more discovery. Can I ask a question? Do you want to ask? Go ahead. I didn't answer. I'm sorry. I didn't mean to interrupt. Your Honor, it may be vague, but again, if we look at it in the context of civil rights action, it's so difficult. The burden is so difficult that reasonable time for discovery is to be allowed. Who brought this lawsuit? Did you sue in this case? Yes. So you have to have your ducks in a row before you start suing people, even in a civil rights case. Well, there has to be some basis for it, I agree. But beyond that, you have to have the time. You can't sue and then say now we'll look for a case. No, I agree. There has to be an initial basis for it, but then you need to have the time for discovery. You have an amazing amount of invective against the trial judge here, claiming that it was the trial judge's responsibility to organize these conferences and things like that, but that's really the responsibility of the lawyers. Do you understand that? No, I do understand that, Your Honor. Why didn't you do that? Because it was so short-changed, the time frame to do all this, Your Honor, that usually in a normal litigation course in federal court, it takes time to do this, at a minimum a year, to develop the case, to do summary judgment, and to go to trial, and that didn't happen in this case. This seems like a very abbreviated schedule in reviewing the timeline of what occurred. You all filed a complaint in February, and then there was a request for a temporary restraining order and a preliminary injunction, and then the defendants filed a motion to dismiss in May. Is that correct? That's correct. And then you filed an amended complaint, and then the court denied the motion to dismiss, and at the time that the court denied the motion to dismiss, he said you have ten days to file a motion for summary judgment, and at no time was there a formal Rule 16 hearing scheduled. Is that correct? That's correct. And that's what you take issue with, is that you all were proceeding with what you anticipated would be a normal schedule where a Rule 16 hearing would be scheduled. Is that correct? That's correct, Your Honor. The only thing that I'm wondering as to why the judge did this in this way, that he would give you only ten days to file a motion for summary judgment and not address discovery at all, would be possibly that he thought there was enough discovery or evidence presented during the preliminary injunction hearing or the temporary restraining order hearing. And I'm not sure what the record is from that. Can you enlighten me? I do think that the motion to dismiss hearing the judge made an allegation that it was a bare-bones complaint, and that based on that basis I only can infer that he allowed the defendants to file a summary judgment motion in ten days. But there's no hiding pleading for civil rights actions. I mean, FRCPA, no displeadings, all that is required, and there has to be a liberal construction for the federal rules to allow for discovery to properly oppose a motion and find evidence to support the allegations. What evidence came out? How long did your hearing on the temporary restraining order and the preliminary injunction last, and what evidence or discovery came out during those hearings? I'm wondering if the judge thought that you had enough discovery that had come out during those hearings that he didn't allow for more than ten days of discovery, which he never told you about. That's a prejudgment opinion as to the facts, and not discretion that has to be reasonable to comport with due process standards that affect substantial rights of the parties. Counsel, what discovery was done? What depositions were taken? What interrogatories were propounded? What requests for production were given to the defendant? What discovery did you actually do between the time you filed the complaint and the time that the motion to dismiss was filed? Your Honor, because of the expedited nature that the federal judge held the case, we were in the process of developing that when I was... But February to what, May or June? Right. No discovery at all was done by you? No, there was no discovery done at that point, Your Honor. We were in the process of developing a discovery plan that's the usual course through an FRCP 26 conference and then FRCP 16 schedule in order to do that. The very first thing you do is contact the other attorney and say, when are we going to get together to shape up the discovery contours? That's the very first thing you do once you file a lawsuit, is contact the other party and get on the Rule 16, meet and confer procedure started. I understand that that is the burden on the lawyers, Your Honor, but the context of this case was held more like an expedited unlawful deterrent action summary case. That's how the judge treated the case, and I think that it was not fair that it was a civil rights action. My clients felt like they were deprived. But civil rights actions have the same procedural responsibility as all other cases. There's no different civil procedure process for civil rights cases. You still have to follow. I understand that, but the nature of the proof is so hard. I mean, discrimination is so hidden that you need reasonable time to discover that intent that discriminates. But you do that before you file a lawsuit so that when the lawsuit's filed, because under Rule 11, you're supposed to investigate your case before you ever file it to make sure that you have an adequate basis to file the lawsuit. So if you've met your Rule 11 obligations, you already have the parameters of your evidence. Enough to survive summary judgment. Maybe, maybe not. I mean, that's why the tools of discovery are there to substantiate the facts, to develop the facts. And the court never gave you notice that he wasn't going to allow for formal discovery to occur? Because it seems like the court typically, if they're going to truncate the discovery or say you're only going to have a limited time period, they would give you some sort of notice. Nothing, Your Honor. No notice at all. So what happened is you went right into a TRO, a preliminary injunction hearing, the order was issued, and then a motion to dismiss was immediately filed. The court said no on the motion to dismiss, but said you have ten days from today to file a motion for summary judgment, at which time the opposing party here filed it 14 days later. Not even 14 days later. It was truncated. Right, right. No, no, but his motion for summary judgment was filed four days after the ten-day time period, and then you responded within 15 days. Is that correct? Yes. And then the court issued its order about 30 days later. Is that correct? Sooner than that, I think, I believe. It was very summarily, very expedited. And that is the whole thing. I do other civil rights cases in federal court. I mean, usually there's time to develop your case. I understand. And this would be a different case if you had gone in and said, you know, here's the discovery I plan to do. Here are the witnesses that will be presented. Here is the evidence of discrimination that they will offer to the court. This would be a different case. But we don't have that. I mean, if there were some indication in the record that there was some substantive testimony or documents that, if given additional time, you would be able to present, it would be a different case. But unfortunately, I just don't see that in the record where there was anything of substance that was given to the court to lead the court to believe that continuing the time period for discovery would be fruitful. Usually that is done through FRCP 26 and then before the FRCP 16 scheduling conference. I understand your point. You plan to submit it to the court, and then you go through that process of streamlining the discovery. I understand. Or expanding it. Let's hear from the appellee, and then I'll give you one minute for rebuttal. Thank you. Thank you, Your Honors. There was never any motion for early discovery in this case made. Could you state your name for the record and who you represent? Larry Rothman, and I represent all of the appellees and defendants in the underlying case. Thank you, Your Honors. There was never any motion for an early discovery. There was never any type of a declaration to oppose anything set forth in our motion for summary judgment. Even in the underlying case in state court, the racial discrimination, civil rights aspects were an affirmative defense. There was a stipulation for entry of judgment for possession that resolved all those issues. Counsel, I know that they had a big hurdle because apparently there was evidence at the preliminary TRO and the preliminary injunction hearing, and the court referenced in his order for summary judgment that there appeared to be a neutral reason for what had occurred, a racially neutral reason for what occurred. But it seems like the plaintiff should have had some opportunity more and been given notice that they were not going to have a formal or any kind of discovery mechanism other than what they should have been doing in terms of a normal meet and confer with the opposing counsel. And I guess that's what concerns me. Well, Your Honor, I agree with the court's concerns, but normally when a lawsuit is filed, the first thing a plaintiff's attorney does is try to meet with the other side or speak with the other side, try to work out a discovery schedule, find out, exchange documents quickly, and that's what's really required to do under the rules. What's the time period under Rule 16 for the meet and confer? It's fairly soon into the process, isn't it? Well, in Arizona, I think it's prompted by a notice of the filing of the case, but then the court will set a Rule 16 scheduling conference, and I guess maybe I'm going on how it's done in my court in Arizona, and then the parties would meet and confer and prepare and submit a proposed scheduling order. In this case, I don't know what the judge's practice was, and this is the way he does it all the time, but in this case, there was a motion to dismiss, and then in the order for the motion to dismiss, you were given 10 days to file a motion for summary judgment, and it was assumed that the discovery, all the necessary discovery, would take place in that time period while you filed your motion to dismiss. Well, perhaps on the court's mind, and who knows exactly what was on the court's minds, is that there was an ex parte application for a temporary restraining order, which was denied. There was a motion for a preliminary injunction, which was denied. Assumingly, you generally need evidence to support your claims when you ask for that pre-judgment relief, and you should have some discovery, and you should have some crucial evidence supportive of those claims. And if you don't, then you have a chance, another final chance during the formal discovery to try to develop something. I agree with you in that it seems like apparently the opposing side was deficient at the temporary restraining order stage and at the preliminary injunction stage, but it seems like they should have been given some final opportunity or notice, at least, that they were going to have to do their discovery in the time period while the motions for summary judgment were going to be refiled. There should have been something, at least in the record, or actually done, where a motion would have made for early discovery, especially after a motion for preliminary injunction is denied, and especially after a temporary restraining order is denied, because that seems to show, at least impliedly, that there's a lack of evidence someplace. And if the burdens on the Rule 11 is under the plaintiff's view. I'm sorry. It seems like that cuts against you. I mean, because if there was no motion for early discovery, then the parties would have assumed it was a normal discovery schedule, which I don't think that, do you think this is a normal discovery schedule? In your practice, is this a normal discovery schedule? It is in Judge Wilson's court. Well, apparently. I'm just questioning whether this, can you answer that? Is this a normal discovery schedule for you? No. This is not a normal discovery from what I see. It's sort of. It's extremely expedited. It's expedited, however. And there's no notice of it. That's true. But, again, there has to be at least some scintilla of evidence supportive of the plaintiff's claim. There has to be. Under the Rule 11, you have to do investigation. You have to do something. And what's even more important is this. There was a state court action. In that state court action, there should have been at least some discovery done. Because they have alleged as an affirmative defense, which is in the appendix, in the answers. And so if you don't do all your necessary discovery in the state court action, why come to federal court at all? Well, there should be some. I'm not saying all of your discovery. Just a little bit? Some? When was the opposing counsel to do his discovery in this federal case? Well, the opposing counsel, again, hindsight is great, you know. But if I was on his side, I would have called up the other side. Let's set up something so at least I can go in with an affidavit to the court and say, listen, there's a motion for summary judgment. I've tried to go in next party to continue this, to have some motion to allow this. Well, when's the first time the other side got notice that there was going to be no discovery or that the discovery was to take place during the time that the motions for summary judgment were to be filed? When was that notice given? There was never any notice given. That's my point, counsel. If there's no notice given that they have no time for discovery or that they should know that while they're filing their motions for summary judgment, all of their discovery is to take place, how is that fair? Okay. Let me show you why it's fair. Okay. Let's assume that you have a range from 1 to 100, being 100 all the discovery you need and 1 being you don't have any of the discovery. If you're a plaintiff, you shouldn't be at 1 to begin with. You should be at least at 30%, 40%, 50%, maybe even 60%. You may not have all of your discovery, but you at least have some or at least one fact supportive of your claim that you can oppose successfully a summary judgment for. There was nothing in the record. They have no evidence. And the defendants actually in the motion for summary judgment did have declarations in support of it. There was nothing in the record to even oppose it. If they would have had even 20% or even 30%, then they could have come in. But when they have no evidence, zero evidence, that I believe is a violation of Rule 11. And that's what the big difference is in my opinion between state and federal court. Before you file an action in federal court, you have to at least do something. You just can't unilaterally file and say I'll wait until time for discovery. You've got to have at least one fact. And you're saying the other side didn't have one fact at all? That's correct. There's nothing in this entire record to show one bit of evidence of any fact that they have supportive of anything in the case. And that's why the summary was granted. That's why the preliminary injunction was denied. And that's why the temporary restraining order was denied. Counsel, let me ask you this. Is it the practice in Central District to wait for the Rule 16 order before discovery begins? Yes, but it's not the practice, I believe, not to contact the opposing attorney and try to at least work out some discovery or do your initial disclosures or do something so you can start on that. Because in my experience in federal court is that, you know, you have to jump on things. You just can't wait until the last minute and say you don't have time or do nothing. And in this case, there's nothing in the record to indicate that they did anything on the other side to do any supportive of discovery. In fact, if my opposing counsel would have contacted me and filed a declaration, I called him, he refused to provide me any documents. He refused to cooperate with any discovery. That would be one thing. But we've been totally cooperative with each other in this entire case. There's been no discord of counsel, lack of civility of any kind in this case whatsoever. And this is one of those cases that the plaintiff just sat on their rights and did nothing. Thank you, Your Honors. Thank you. We'll give you one minute for rebuttal. Thank you, Your Honor. The last thing I wanted to say that a federal judge's practice has to comport with FRCP 83. And if it conflicts with the federal rules, then there is a problem. Well, let me tell you the problem, the final bottom line problem that I have with your case. Assuming that this all sort of snuck up on you and came too fast and the judge was really pushing you very hard, your last chance opportunity to acquire some time to pursue your discovery, I assume, is in your Rule 56-F motion. Is that right? Correct. And I must tell you, your Rule 56-F motion, as concluded by Judge Wilson, is really deficient of anything in specific. You say, I must also inform this Court that plaintiffs have acquired new probative material evidence. You don't even hint what it is. That is, in the process of being evaluated by experts, again, we don't know what you're talking about, to assess the probative value. So you're saying you're not even sure you have any probative evidence or material evidence that will have a significant impact. You're saying, well, we're after something. And then plaintiffs have also informed me there's a material witness that's unavailable and that I need to exert his testimony by way of a declaration that has great probative value. Again, you don't say what this is. And ordinarily on a 56-F motion, in order to show that you need this time, you've got to come forward with something more specific than that. Why is that all that you put forward in the 56-F motion? Because that is the only thing that I had when I was in the process of developing the discovery plan. I was given that information by the plaintiffs, and I was in the process of going to investigate. What was the new probative material evidence? As to that there were environmental issues with the properties, and they were in the process of being examined through laboratories. I was in the process of trying to do that when I was sneaking through this summary judgment motion. And what happened to all of that, the material witness and the new probative material evidence? It's in my office. I mean, I can't introduce it. I mean, the summary judgment was granted. So you got it. I have it, yes. What does it say? What does it say? That there was contamination with the water, that there was asbestos problems with the property, that the material witness, he tried to negotiate with Doris Small, one of the defendants, and she made some very bad, racial comments against my clients in that negotiation when the initial steps for the eviction began. What's the standard of review on a denial of a Rule 56-F motion? Abuse of discretion. Thank you. Thank you. Thank you to both counsel. The case, as argued, is submitted for decision by the court.
judges: Trott, Rawlinson, Murguia